CHIESA SHAHINIAN & GIANTOMASI PC

105 Eisenhower Parkway, Roseland, NJ 07068
csglaw.com

JENNY CHUNG QURAISHI
Member

jquraishi@csglaw.com

O 973.530.2182

July 13, 2026

***Via ECF***

The Honorable Michael E. Farbiarz
United States District Judge
Martin Luther King Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

**Re: Pharmacosmos Holdings A/S, et al. v. Daiichi Sankyo, Inc., et al., Civ. No.: 2:25-15857**

Dear Judge Farbiarz:

This firm, along with Fenwick & West, represents the Plaintiff Pharmacosmos entities ("Pharmacosmos") in the above-referenced matter. We write in response to Defendants' July 10, 2026 letter regarding *Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, 146 S. Ct. 1391 (2026). Dkt No. 54.

*Hikma* deals with a very different situation than this case presents. There, a patent owner pursued an induced infringement theory despite the generic manufacturer defendant's "carve out" (*i.e.*, omission) of the patented method of treatment (a method for treating cardiovascular risk) from its label, pursuant to a specific statutory framework governing so-called "skinny labels." *Id.* at 1397-98. Here, in contrast, Defendants have *added* instructions to their labeling that explicitly encourage physicians to practice the methods claimed in Pharmacosmos's patents. Dkt. No. 1, Complaint at ¶¶ 41-43, 75-76, 84, 115. The *Hikma* Court's conclusion that the patent owner could not pursue inducement in the face of the generic defendant's carve out therefore does not control here.

Pharmacosmos respectfully submits that no supplemental briefing is warranted.

Respectfully submitted,

s/ Jenny Chung Quraishi

Jenny Chung Quraishi
Member